Asmuth, Respondent, vs. Shaw, Appellant.

*April 9 — April 28, 1885.*

*Practice — Evidence — Instructions — Errors subsequently cured.*

1. The question being as to the amount of grass-seed raised by the defendant, a witness for the plaintiff who had threshed the seed and who had testified that he did not himself see all the seed measured but took the figures of a part from others, that the defendant had paid him for threshing 680 bushels, and that that was all the defendant wanted to pay for, but that he did not dispute or refuse to pay for the rest,— was permitted to testify that his memorandum showed that 967 bushels had been threshed. The jury were afterwards at defendant's request instructed to disregard this testimony as to the number of bushels threshed. *Held*, that there was no error prejudicial to the defendant.

2. An error in the exclusion of evidence becomes immaterial when such evidence is afterwards admitted in full.

3. An error in the charge in stating too broadly the duty of a party under a contract, is cured if the charge thereafter correctly states that duty in such a way that the jury could not be misled.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover damages for a failure to deliver a quantity of grass-seed under a written contract. The answer, besides a general denial, contained a counterclaim for the price of certain seed delivered under the contract, and a further counterclaim for overweight taken by the plaintiff on delivery, amounting to twenty-eight bushels at $2 per bushel. The contract and the facts appearing in evidence

are stated in the opinion. The plaintiff had a verdict for $113.50, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence*.

*Edward S. Bragg*, for the respondent.

ORTON, J. The contract sued upon was as follows:

"BRANDON, August 12, 1881.

"In consideration of $50, to me in hand paid, I have sold to *C. N. Asmuth* about 180 acres of timothy seed, except what I use for seeding, at $2 per bushel of forty-seven pounds, for reasonably clean from the machine, which I agree to deliver within the months of September and October, at his warehouse in Brandon.

[Signed]                    "WILLIAM SHAW."

The principal questions of contention on the trial were whether the defendant delivered all the grass-seed raised on that 180 acres, and whether it was "reasonably clean from the machine," and of the damage. According to the testimony of the plaintiff (and the jury had a right to believe it), the defendant delivered 311 bushels of the seed, for which he paid him at the rate of two dollars per bushel, except thirty-two bushels which had not been paid for, and that he paid in advance the $50; that a large part of the seed was unclean, and that he made a deduction, according to a certain test, on account of refuse and foreign matter mixed up with it, of which the defendant had knowledge; that the market value of such seed as the contract called for at the place of delivery was $2.35 per bushel.

The plaintiff called as a witness one Adsit, who did the threshing of the seed raised on the 180 acres, who testified that the defendant paid him for threshing a little over 680 bushels, and that was all the defendant wanted to pay, but that he did not dispute or refuse to pay the rest. The

Asmuth vs. Shaw.

question was asked him, on behalf of the plaintiff, "What was the balance?" The witness had already testified that he had not seen all of the seed measured, but took the figures of a part from others. The question was objected to on behalf of the defendant, and the objection was overruled. The witness did not answer this question, but was asked, "What is the difference?" The witness (looking at his memorandum) answered, "This figures up 967 bushels." The counsel of the defendant moved that such answer be stricken out, which was refused. This is the first exception relied upon by the learned counsel of the appellant. From this testimony so related, certain reasonable inferences may be drawn: (1) That the witness had presented to the defendant his figures of the number of bushels he had threshed; and (2) that he did not pay the whole bill, but for only a part of it, viz., 680 bushels. There must have been considered by the witness and defendant some gross amount claimed, or the subject of a balance could not have been discussed. In that view the evidence would seem to be proper. As to this evidence the court was asked to instruct the jury to disregard it, as to the number of bushels actually threshed by the machine of the witness for the defendant, and the court did so instruct the jury. This was going far enough, if not too far, in excluding this testimony from the jury; for the witness did not pretend that he actually knew the number of bushels he had threshed, except from the information of others, and so testified; and it is clear enough that he and the defendant in their interview considered that there was some balance claimed that the defendant had not paid for.

The witness for the defendant, George Shaw, was asked, "Was the seed reasonably cleaned by the machine?" This question was objected to by the plaintiff's counsel "as incompetent in form and improper," with the statement "that he can tell the facts about it." This remark of the

plaintiff's counsel gave the true reason for the objection. The question called for a mere conclusion or opinion, and not for facts. But the question was fully answered by the witness when he said: "The seed was well cleaned, I believe,— a good deal of it. There was a little mite that was damp that was not cleaned so well. The most of it was well cleaned. We had a good machine." This disposes of the second exception.

The same witness was asked, "Did that machine, in doing the work of cleaning that grass-seed that season, make it as clean as grass-seed usually is in the market from the machine?" The objection of plaintiff's counsel to this question was also sustained, and this is the third exception relied upon. This question asked for a conclusion or opinion, and for no fact. What the condition of grass-seed was in the market from the machine was a question of fact. The condition of other grass-seed in the market from a machine was not the criterion fixed by the contract. But this question also was fully answered, notwithstanding the objection. The witness after stating that he had seen grass-seed that season, and at other seasons, in the market at Brandon, and at *Asmuth's* elevator, and helped to thresh it in the neighborhood, with different machines, including this one, said, "I think the seed I took to *Asmuth's* was cleaned as well as any."

One G. A. Colburn, a witness for the defendant, testified that he handled a good deal of grass-seed the year he got this grass-seed from the Shaws, and was then asked, "Was the grass-seed you received from the Shaws reasonably clean from the machine, as compared with the general run for that year?" Objection to this question was sustained, and this is the fourth exception. The witness was then asked, "How did that seed compare with other seed that year, and previous years, as to being clean from the machine?" This was almost precisely the same question, and

it was not objected to, and the witness answered, " A good share of his seed was about on an average with others we took in; there was some of it damp from being wet; " and on cross-examination he testified fully as to the condition of the seed. What has already been said as to the objections to the questions put to the witness Shaw is applicable to this.

The only objection to the charge of the court to the jury relied upon in the brief of the learned counsel of the appellant is that the instruction "that the defendant was bound to deliver all seed raised on one-hundred and eighty acres of land, except what he would need for seed," is too broad. It is said that he was only bound to do this in case the plaintiff should accept it on the basis of forty-seven pounds to the bushel, and that if the seed was not reasonably clean, the plaintiff was not bound to accept it, and if he accepted it, he was bound to pay for it on the basis of the contract. But the court further on in the charge stated the true ground on this subject, that if he received unclean seed and deducted a reasonable number of pounds on each bushel on that account, or by adding the proper per cent. to make it equivalent to forty-seven pounds per bushel of clean seed, with the knowledge and acquiescence of the defendant, or received it on such terms after the time of delivery had expired, he cannot complain. The court stated fully the effect of the whole contract, and the jury must have understood it fully. The charge is very fair and full, and there does not appear to be any tenable objection to any part of it. The jury must have passed upon all the facts, and their verdict seems to have been supported by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.